IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

OREL BOBB,

                Plaintiff,

                                              Civ. Action No.
  vs.                                       9:04-CV-338 (NAM/DEP)

MS. NELSON, *Correctional Officer*; and
MEDICAL DEPARTMENT, *P.A./Record
Ulster Correctional Facility*,

                Defendants.

_____

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

OREL BOBB, pro se
Paterson, New Jersey

FOR DEFENDANTS:

[NONE]

## REPORT and RECOMMENDATION

     This civil rights action was commenced by the plaintiff on March 26, 2004.  Despite pendency of the case for more than a year, it appears to the court that there has been no activity in this matter since September 1, 2004.

     On August 23, 2004, District Judge Norman A. Mordue issued an order directing the plaintiff to file with the court an amended complaint

within thirty days, and advised that in the event of his failure to comply, this action would be dismissed.  See Dkt. No. 9.  That order was thereafter sent by the Clerk's Office to the plaintiff by regular mail on September 1, 2004 addressed to his last known residence, but was returned to the court as undeliverable.  See Dkt. No. 10.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action or comply with any order of the court.  *Link v. Wabash Railroad County Independent School District,* 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y., Aug. 22, 1996) (Pooler, J.) (citing *Rodriguez v. Walsh*, No. 92-Civ-3398, 1994 WL 9688, *1 (S.D.N.Y., Jan. 14, 1994) (other citations omitted)).

Moreover, a plaintiff has the duty to inform the court of any address changes.  As then-District Judge Pooler has stated:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of

address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany Cty Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (Apr. 10, 1996) (quoting *Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)); *see generally* Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York.

Obviously, this matter cannot proceed without notification to the Court by the plaintiff of his current address. Since plaintiff has failed to inform the court of his whereabouts, it is hereby

RECOMMENDED, that this action is recommended dismissed. *See* Local Rule 41.2(b) (dismissal of action appropriate where plaintiff fails to notify Court of change of address), and it is further

ORDERED, that the Clerk serve a copy of this Order on the plaintiff at his last known address by regular mail.

IT IS SO ORDERED.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: March 25, 2005
    Syracuse, New York